## SUPREME COURT.

GEORGE STEWART agt. NANCY L. HUTCHINSON AND DANIEL P. HUTCHINSON.

A mortgage by a purchaser in possession of land under an executory contract of sale, although purporting to convey the land itself, is ineffectual to transfer the subsequently acquired legal title. It may, however, be enforced in equity and made a charge upon the legal title afterwards acquired by the mortgagor or those claiming under him, having notice of the mortgagee's equity.

The foreclosure of such a mortgage before the mortgagor has obtained the legal title, will only operate to transfer the debt to the purchaser, and constitute him the assignee in equity of the mortgagor's contract for its security.

After the mortgagor has parted with all his interest in the land, he is no longer a necessary party to a suit instituted to make the morgage debt a charge upon ·the subsequently acquired legal title.

Where the facts stated in the complaint entitle the plaintiff to relief in equity, a demurrer will not lie, because he had not asked for it in the form in which he is entitled to it.

*Syracuse Special Term, April, 1864.*

THE complaint shows that one Robert Perry, in 1833, purchased the premises of the state, and took the surveyor general's certificate, which entitled him to a patent on payment of the purchase price. He paid up in full on the 19th day of September, 1836, but neglected to take out a patent. He went into possession under the surveyor's certificate, and remained in possession until the defendants took the title.

In September, 1854, he mortgaged the premises to the plaintiff and one James Stewart, to secure the payment of $600. Default having been made in the payment of the mortgage debt, the mortgagees foreclosed the mortgage in equity, and obtained the usual decree for a sale of the premises to pay the debt. Judgment of foreclosure was entered March 31st, 1856. The premises were sold under this judgment at public auction, and the plaintiff became the purchaser. The report of sale was duly confirmed, and a conveyance made to the plaintiff of the premises

under the judgment of foreclosure, September 15, 1856. This judgment was appealed to the general term by Perry, and the judgment was affirmed.

It also appears by the complaint that on the 19th day of April, 1847, Perry gave another mortgage on the same premises to Edgar G. Perry, to secure the payment of $200, which has never been paid, and that on the 21st of June, 1861, the plaintiff purchased it and took an assignment. The plaintiff claims that he took the whole interest of Perry to the surveyor general's certificate, and to the premises described therein, by virtue of the foreclosure of the mortgage first above described, and the assignment of the prior mortgage, and that he thereby became equitably entitled to a patent from the state.

The complaint then charges that Perry in fraud of the plaintiff's interest, assigned the surveyor general's certificate to Nancy L. Hutchinson, the wife of Daniel P. Hutchinson; that Daniel P. Hutchinson procured him to make the assignment by artful contrivances, which he was enabled to practice by reason of his being his confidential adviser. She afterwards took out a patent, and obtained the legal title. The plaintiff, among other things, demands judgment that she be required to convey the premises to him as the lawful and equitable owner thereof. The complaint also demands various other remedies which it is not necessary to notice, and also general relief. To this complaint there was a demurrer, upon the ground that the facts did not constitute a cause of action, and for defect of parties.

JOHN SNOW, *for plaintiff.*
B. F. CHAPMAN, *for defendants.*

MORGAN, J. I understand from the complaint that the defendants are in possession, claiming title under the state patent, and I think it may be assumed that Mrs. Hutchin-

son occupies the same position as that of Robert Perry before his assignment of the surveyor general's certificate, and that having taken the legal title she must be decreed to hold it in trust, or subject to the equitable rights of the plaintiff. The complaint avers that the plaintiff took his mortgage supposing that Robert Perry had the legal title, and that he foreclosed it upon that supposition. But clearly the decree of foreclosure could not invest the plaintiff with the title. The title was in the state, and remained there until it was conveyed to Mrs. Hutchinson. Robert Perry not having the title could not convey it through his mortgage to the plaintiff, but I think a court of equity could adjudge it to be a lien upon his interest in the premises, and upon the surveyor general's certificate, equivalent to a chattel mortgage or assignment of the same, for the security of the plaintiff's debt. The plaintiff was, therefore, entitled to an assignment of the surveyor general's certificate by way of security, having by mistake taken a defective instrument for that purpose, which could not be enforced at law. In other words, the plaintiff became the equitable assignee of the surveyor general's certificate to secure the payment of the debt which was included in the mortgage. When he paid up the contract to the state, and took out a patent for the premises, he would be decreed to hold the title, subject to the equitable rights of the plaintiff to have that land sold for the payment of the plaintiff's debt. There is enough stated in the complaint to show that Mrs. Hutchinson took the title with notice of the plaintiff's equity, and, indeed, with the fraudulent design of overreaching it. Her position, therefore, is no better than would be that of Robert Perry, if he had taken out a patent in his own name. The plaintiff's demand should, therefore, be declared a lien upon the premises, and on default of payment, the premises may be sold to satisfy it.

The complaint is framed upon the theory that the plain-

tiff by virtue of his foreclosure of the mortgage obtained all of Robert Perry's title to the premises, and that what was at first only a lien, became an absolute title by means of that foreclosure. But this theory cannot be supported, for the reason that at law the plaintiff's mortgage was inoperative to accomplish such an object. It did not purport to transfer Robert Perry's interest in the surveyor general's certificate, but his legal title to the premises when he had none to transfer. A quit-claim deed from Robert Perry to the plaintiff at that time, would not operate to transfer the legal title, although one was afterwards acquired by the grantor. The mortgage, at law, could not have any greater effect. The plaintiff, therefore, failed to acquire any legal title to the premises, or to the surveyor general's certificate by foreclosing such a mortgage. The mortgage being wholly inoperative as a legal security, could only be enforced as an equitable lien. It is still necessary for the plaintiff to invoke the assistance of a court of equity to enforce it, by making it a charge upon the legal title. The sale under the decree of foreclosure failed to accomplish any such object, although I think the plaintiff took thereby the interest of James Stewart, the other mortgagee, and is now to be regarded as the sole owner of the mortgage debt.

The defendants' demurrer raises the question as to parties. It is very evident, I think, that the state has no longer any interest to be affected by a decree, as between the claimants to the premises. But it is not so clear as to Robert Perry, who is the debtor and mortgagor. He has a right to contest the amount of the demands, as well as their validity. But the defendants may do the same thing, and may use Robert Perry as a witness for that purpose. If it is assumed, as I think it must be, upon the facts stated in the complaint, that Robert Perry has parted with all his right, title and interest in the premises to Mrs. Hutchinson, and that she occupies his position in respect to the

rights of this plaintiff, it would seem to be unnecessary to make him a party, as he cannot be affected by a decree which shall declare the plaintiff's debt a lien upon the legal title. If, therefore, I am right in my conclusions that the plaintiff's remedy is to obtain the judgment of the court declaring his debt an equitable lien upon the premises, and directing a sale to satisfy it, then I think the necessary parties are before the court, and the complaint is not defective for want of other parties.

This being an equitable action, it is unnecessary to look into the prayer for judgment to determine whether the complaint states facts enough to authorize the particular relief prayed for. The facts entitle the plaintiff to a decree making his debt a lien upon the premises, which may be sold to satisfy it. In my opinion a reference would be proper to ascertain the amount of the plaintiff's debt, but I think it would not be proper to include the costs of prosecuting the foreclosure suit. The prayer for general relief, is however, sufficient to authorize this court to grant the relief above indicated, although not particularly specified in the complaint. Judgment must therefore be given for the plaintiff, with leave to defendants to answer in twenty days, upon the usual terms.

Judgment accordingly.